## STREET IMPROVEMENT DEFECTIVELY MADE.

[Common Pleas Court of Franklin County.]

### COIT v. THE CITY OF COLUMBUS.

Decided, July 20, 1903.

*Street—Improved in a Defective Manner—Burden on the Municipality —To Show that Action to Enjoin Collection of Assessment—Is Barred by Laches.*

The burden is on the municipality in a suit to enjoin the collection of a street assessment on the ground that the improvement was defectively constructed, to show that the defects appeared at such a time as would bar the plaintiff's action.

DILLON, J.

This is an action involving the construction of the Kelton avenue improvement. I may say that I have walked the entire length of the improvement and examined it as carefully as I could. Kelton avenue, from Main to Livingston, was ordered improved March 24, 1890. The assessment ordinance was passed November 9, 1891. This action was brought October 22, 1902. For the reason stated in my opinion in the cases of Altman and of Gault against the city, I can grant the plaintiffs no relief on the ground of the unconstitutionality of the law, nor by reason of an excess of the assessment over the benefits. Concerning this last contention I was left in doubt by the evidence, and could not have granted the relief prayed for anyhow. Such proof should be satisfactory and reasonably clear.

A few years subsequent to this improvement small defects began to appear, but not serious defects. In 1892 a street car track was put down throughout the entire length of this street and the street at that time re-paved. Some years before the petition in this case was filed, the extraordinary defects in this street appeared. The curb sagged down as though in a swamp. There were ruts throughout the street which made it positively dangerous to vehicle, man or beast walking along the street. The condition of the improvement is poor. It is sought by the defendants to charge the street

railway company with the defective condition of the street, but I can not find that to be the case. There was some evidence perhaps tending to show that when they cut down the center of the street it destroyed the crown so that the travel on the side of the street tended to impair and render defective the improvement and disarrange the bricks, but these bricks were all restored. I do not think the evidence establishes the contention of the defendant with reference to this feature of the case. Now when did these defects appear? We know that in April, 1896, the city engineer issued a certificate that the street was all right and in perfect condition. The certificate recites the fact that the street does not need any repair of any kind and therefore the fund that was held for the repair of the street was released. From this fact we know that in 1896 the plaintiffs in this case had no knowledge of any defects in that street. It must have come some years later. Just when or how many years later it would be impossible for the court to tell from the evidence, but the burden is on the defendant to show to the court that these defects appeared at such a time as would bar plaintiff's action. I find that the action is not barred for relief on this ground.

I take special pleasure in declaring null and void all assessments on that street not yet paid—every one of them, and the city will pay the costs of this action. The property owners have already paid, I should judge, twenty-five or fifty per cent. more than they should, but I can not grant them any relief for that. The holding of the court is that all unpaid installments of this assessment are declared void and the injunction is made perpetual. Of course as to those who have purchased and assumed the assessments the ruling of the Supreme Court will be adopted. An exception will be noted.

*De Witt C. Jones,* for plaintiff.

*Butler, Marshall & Keating,* for defendant.